**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVID KEYNES<br><br>*Plaintiff,*<br><br>*v.*<br><br>JOHN AND JANE DOES 1 THROUGH 100,<br>JOHN DOE CORPORATIONS 1 THROUGH 10,<br>OTHER JOHN DOE ENTITIES 1 THROUGH 10,<br>all whose true names are unknown,<br><br>*Defendants*. | ) | Civil Action No. 1:18-cv-01572-TSC |

**MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Rule 83.6, Chap Petersen & Associates, PLLC, and all counsel affiliated with the law firm (collectively, "CPA") move for leave to withdraw as counsel of record for Plaintiff David Keynes ("Plaintiff").

In support of this Motion, CPA states as follows:

**I. LAW**

Rule 1.16 of the Rules of Professional Conduct of the District of Columbia Bar provides that a lawyer may withdraw from representing a client "if withdrawal can be accomplished without material adverse effect on the interests of the client, or if . . . [t]he client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled . . . [or if the] representation will result in an unreasonable financial burden on the lawyer."

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client." *Laster v. District of Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006) (citing *Streetman v. Lynaugh*, 674 F. Supp.

229, 234 (E.D. Tex. 1987); *see also Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003). The withdrawal of an attorney from a civil action in the United States District Court for the District of Columbia is governed by Local Civil Rule 83.6. When, as here, attorneys wish to withdraw from representing a party but the client has not consented and has no other attorney representing him in the matter, a formal motion must be filed and granted by the court. *See Banneker Venters, LLC v. Graham*, No. 13-391, 2016 WL 1304834, at *2 (D.D.C. Mar. 31, 2016). The Local Rule states that,

> if a party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the Court upon motion by the attorney served upon all parties to the case. Unless the party is represented by another attorney or the motion is made in open court in the party's presence, a motion to withdraw an appearance shall be accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case *pro se* or to object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion.

LCvR 83.6(c).

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court." *Laster*, 460 F. Supp. 2d at 113 (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). "The Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." LCvR 83.6(d). A court may also consider factors such as the length of time the case has been pending, the time it would take for the party to find and secure new counsel, and the degree of financial burden counsel would undergo if he continued to represent the party in the case. *See Barton v. District of Columbia*, 209 F.R.D. 274, 277–78 (D.D.C. 2002); *Byrd*, 271 F. Supp. 2d at 176.

## II. ANALYSIS

Counsel of record has informed the Plaintiff on several occasions that Plaintiff has been in default of their payment obligations to CPA. Despite the communications by CPA to Plaintiff regarding such non-payment, Plaintiff continues to be in default.

Further, it has become difficult for counsel of record to communicate with Plaintiff. Given the lack of communication from the Plaintiff and the likelihood of continuing communication difficulties as this litigation progresses, CPA cannot effectively represent the Defendants nor comply with its obligations under the Federal Rules or to the Court.

"Courts have consistently granted an attorney's motion to withdraw when a defendant has been unresponsive and has not paid his or her attorney." *Honda Power Equip. Mfg. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003).

CPA has notified Plaintiff of its intent to withdraw and has advised Plaintiff to retain new counsel. Permitting CPA to withdraw at this early stage in the litigation would not unduly delay the trial of this case because no trial date has been set.

WHEREFORE, in consideration of the foregoing, CPA respectfully seeks that the Court grant leave to CPA to withdraw as counsel of record for the Plaintiff in this litigation.

Dated: November 1, 2018

**Respectfully submitted,**
**CHAP PETERSEN & ASSOCIATES, PLLC**

By Counsel: /s/ J. Chapman Petersen_________
J. Chapman Petersen, Esq., DC Bar #448740
Chap Petersen & Associates, PLLC
3970 Chain Bridge Road
Fairfax, VA 22030
571-459-2512 | Telephone
571-459-2307 | Facsimile
jcp@petersenfirm.com
*Counsel for Plaintiff*

Pursuant to Local Civil Rule 83.6, I hereby certify that on November 1, 2018 a copy of the foregoing Motion to Withdraw as Counsel and notice advising the Plaintiff to obtain other counsel, etc., was sent via first-class mail to the following:

**David Keynes**
13920 Ludington Place
Centreville, VA 20121

/s/ J. Chapman Petersen_________
J. Chapman Petersen